1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| HUMAN RIGHTS DEFENSE CENTER, a Washington nonprofit corporation, )))) | No. |
| Plaintiff, )))) | COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF FOR VIOLATION OF THE FREEDOM OF INFORMATION ACT, 5 U.S.C. § 552 |
| v. )))) | |
| UNITED STATES DEPARTMENT OF JUSTICE; and its component, DRUG ENFORCEMENT ADMINISTRATION, )))) | |
| Defendants. )))) | |

Plaintiff Human Rights Defense Center respectfully submits this Complaint for declaratory and injunctive relief finding the U.S. Department of Justice and the Drug Enforcement Administration have violated their legal obligations under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552 *et seq.*, and ordering them to comply with those obligations.

## I.    INTRODUCTION

1.    In May 2019, Human Rights Defense Center ("HRDC") submitted a written request under the FOIA for records held by Defendant Drug Enforcement Administration, a law

COMPLAINT - 1

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

enforcement component of the U.S. Department of Justice (collectively, "DEA" or

"Defendants").  The requested records concerned DEA's settlement payments to resolve claims

against the Agency and its employees.  After DEA objected to the scope of the records request,

HRDC revised its request to accommodate DEA's purported difficulties in searching for the

requested records.  To date, however, DEA has utterly failed its obligations under the FOIA to

provide the public records that HRDC seeks.  HRDC requests that this Court order DEA to

comply; enjoin DEA from further neglecting its duties under federal law; and reimburse HRDC

the legal fees and costs it has incurred in this action.

## II.    PARTIES

2.      Plaintiff HRDC is a nonprofit charitable organization incorporated under the

laws of the State of Washington and recognized as tax exempt under IRS Code § 501(c)(3).

The core of HRDC's mission is public education, prisoner education, advocacy, and outreach in

support of the rights of prisoners and in furtherance of basic human rights.  Among other

publications, HRDC distributes the preeminent news publication across penological institutions

in the United States:  *Prison Legal News* ("*PLN*").

3.      Defendant United States Department of Justice ("DOJ") is the Department

responsible for the enforcement of federal law.  DEA is one of its component agencies.

4.      Defendant Drug Enforcement Administration ("DEA") is the lead federal

agency responsible for domestic enforcement of the Controlled Substances Act and other

federal laws related to manufacturing, smuggling, and distribution of narcotics.

## II.    JURISDICTION AND VENUE

5.      This Court has jurisdiction pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C.

§ 1331.

COMPLAINT - 2

6.      Venue lies properly in this Court pursuant to 5 U.S.C. § 552(a)(4)(B) because HRDC is incorporated and resides in this judicial district.  Furthermore, venue is proper under 28 U.S.C. § 1391 because HRDC's requests and communications were sent from Seattle, Washington, and therefore, a substantial part of the events giving rise to the claim occurred in this judicial district.

### III.    FACTUAL BACKGROUND

7.      HRDC currently distributes dozens of different criminal justice, legal and self-help titles, including its prolific monthly periodical that reports and analyzes criminal justice news on a national level:  *PLN*.  Produced continuously since 1990, the publication has approximately 5,000 subscribers in 50 states, including lawyers, journalists, judges, courts, public libraries, and universities.  Surveys indicate that *PLN*'s readership is approximately ten times the subscriber number.  HRDC also maintains a listserv and a website at www.prisonlegalnews.org, which receives approximately 100,000 visitors per month, according to site analytics.  HRDC publishes books about the criminal justice system and legal issues for use by prisoners, lawyers, courts, libraries, and other members of the general public.

8.      HRDC also publishes *Criminal Legal News* ("*CLN*"), a monthly 56-page magazine that reports on criminal law and procedure, police civil rights litigation, policing, prosecutorial misconduct, sentencing issues and mass incarceration.  *CLN* currently has approximately 1,400 subscribers in all 50 states and its website, www.criminallegalnews.org, receives tens of thousands of visitors each month.

9.      HRDC, through its publications, is a "representative of the news media" within the meaning of 5 U.S.C. § 552(a)(4)(A)(ii) because it gathers information of current interest to

COMPLAINT - 3

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

1  the public, uses its editorial skills to turn the raw materials into a distinct work, and distributes

2  that work to an audience through its various publications.

3      10.    HRDC's employees, publications, and advocacy activities (including its

4  litigation) have been widely cited in mainstream media sources, including The New York

5  Times, CNN, The Wall Street Journal, USA Today, The Nation, BusinessWeek, Mother Jones,

6  the Miami Herald, the National Law Journal, The Atlanta Journal Constitution, The

7  Sacramento Bee, the Boston Herald, The Washington Times, Columbia Journalism Review,

8  Courthouse News Service, and the First Amendment Center.

9      11.    HRDC is a 501(c)(3) non-profit corporation that advocates on behalf of the

10  human rights of people held in detention facilities in the United States.  The core of HRDC's

11  mission is public and prisoner education, advocacy, and outreach in support of the rights of

12  prisoners and in furtherance of basic human rights.

13      12.    On May 20, 2019, HRDC's Public Records Manager in Seattle, Washington

14  submitted a written records request under the FOIA to DEA's FOIA office.  *See* Exhibit A

15  (FOIA Request 19-00600-F).  The request was sent via electronic mail and sought documents

16  concerning "all litigation against the [DEA] and/or its employees or agents where the agency

17  and/or its insurers paid $1,000 or more to resolve claims" from January 2010 to present.  *Id.*

18      13.    The requested records will be used in HRDC's reporting for the public benefit.

19  The release of the requested records would allow HRDC to continue to produce coverage

20  regarding administration of claims by the federal government, the fiscal impact of the war on

21  drugs, and the prevalence of misconduct at DEA.  HRDC does not have a commercial interest

22  in such information and will obtain no commercial benefit therefrom; HRDC is a non-

23  commercial use requester.

COMPLAINT - 4

14.     As a news media organization seeking records in the public interest, HRDC requested a waiver of duplication costs pursuant to 5 U.S.C. § 552 (a)(4)(A)(ii)(II) and 5 U.S.C. § 552 (a)(4)(A)(iii).  *See* Ex. A.

15.     DEA's FOIA Chief received the request and responded to HRDC's request on June 27, 2019, objecting to HRDC's request as over burdensome on the grounds that (1) pre-2012 documents are archived and would need to be manually searched for and (2) DEA has no method of searching for monetary parameters.  *See* Ex. B.

16.     On July 11, 2019, HRDC responded to DEA's objections, agreeing to the production of post-2012 documents only and further offering to "waive the $1,000 threshold from [its] original request."  *See* Ex. C.

17.     Despite HRDC's offer to revise its request in response to the specific concerns cited by DEA, Defendants again objected on October 21, 2019, claiming that "the information that [HRDC] may be seeking requires more specificity" but not providing any explanation as to why a request for all settlement payments was too broad.  *See* Ex. D.

18.     On October 29, 2019, HRDC filed its administrative appeal from DEA's second objection.  *See* Ex. E.

19.     On January 31, 2020, DEA affirmed the denial based on its claim that "[i]n order to conduct a search for responsive records, DEA would have to individually search thousands of litigation files" and that HRDC must further narrow its request.  *See* Ex. F.

20.     The FOIA requires any agency that receives a request under its provisions to, within 20 days of receiving the request: (1) determine whether the agency will comply with the request and (2) notify the requester of its determination, its reasoning, and of requesters' right

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

to appeal denials.  5 U.S.C. § 552(a)(6)(A)(i).  Here, DEA failed to meet its deadline to respond to HRDC's original FOIA request.

21.     To date, DEA has not produced a single record in response to either the original FOIA request or HRDC's follow-up revised request.

## IV.     CAUSE OF ACTION

### Violation of Freedom of Information Act (FOIA)

### For Failure to Disclose Responsive Records

22.     Plaintiff alleges and incorporates as set forth fully herein each and every allegation contained in the above paragraphs.

23.     Defendants have violated 5 U.S.C. § 552(a)(3)(A) by failing to promptly release agency records in response to HRDC's FOIA request, which reasonably described the records sought as detailed above that.  Refusal to provide this information is unlawful.

24.     Defendants have violated 5 U.S.C. § 552(a)(6)(A) by failing to timely respond to the FOIA request detailed above.  Refusal to timely respond to the request is unlawful.

25.     Injunctive relief is authorized under 5 U.S.C. §552(a)(4)(B) because Defendants continue to refuse to respond and improperly withholds the requested material, and do so as a matter of policy or practice, in violation of the FOIA.  HRDC has suffered injury and will continue to suffer injury from Defendants' illegal refusal to respond and provide records.

26.     Declaratory relief is authorized under 22 U.S.C. § 2201 because an actual controversy exists regarding Defendants' failure to respond and improper withholding of the records in violation of the FOIA.  An actual controversy exists because HRDC contends that Defendants' continuing failure to respond and to release the records violates the law.

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

# PRAYER FOR RELIEF

WHEREFORE, Plaintiff HRDC requests that judgment be entered in its favor against the Defendants, and that the Court:

(a)    Declare that Defendants' failure to disclose responsive records violates the FOIA;

(b)    Declare unlawful and enjoin Defendants' practice of failing to comply with their required duties upon receipt of a properly submitted request under the FOIA;

(c)    Order Defendants and all entities and agents, or other persons acting by, through, for, or on behalf of Defendants, to conduct a prompt, reasonable search for records responsive to HRDC's FOIA requests, without imposing search or duplication fees pursuant to 5 U.S.C. § 552(a)(4)(A);

(d)    Enjoin Defendants and all entities and agents, or other persons acting by, through, for, or on behalf of Defendants, from withholding records responsive to HRDC's FOIA requests and order them to promptly produce the same;

(e)    Award HRDC reasonable attorneys' fees and costs pursuant to 5 U.S.C. § 552(a)(4)(E) and 28 U.S.C. § 2412; and

(f)    Grant all other such relief to HRDC as the Court deems just and equitable.

DATED this 5th day of May, 2020.

By *s/ Eric M. Stahl*
Eric M. Stahl, WSBA #27619
Caesar Kalinowski, WSBA #52650
DAVIS WRIGHT TREMAINE LLP
920 Fifth Avenue, Suite 3300
Seattle, WA  98104
Tel: 206-622-3150
Fax: 206-757-7700
Email:    ericstahl@dwt.com
            caesarkalinowski@dwt.com

COMPLAINT - 7

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

Daniel Marshall, *Pro Hac Vice forthcoming*
HUMAN RIGHTS DEFENSE CENTER
P.O. Box 1151
Lake Worth, FL 33460
Telephone: 561-360-2523
Email: dmarshall@humanrightsdefensecenter.
org

*Attorneys for Human Rights Defense Center*

COMPLAINT - 8

# EXHIBIT A



**U.S. DEPARTMENT OF JUSTICE -** DRUG ENFORCEMENT ADMINISTRATION

**DEA FOIA REQUEST LETTER**

**Instructions**

- Please provide a detailed description
- If your request is for information concerning a deceased individual, you must provide a proof of death.  Acceptable forms of proof of death include obituaries, death certificates, recognized sources that can be documented, date of birth is 100 years or greater, or Social Security Death Index page.
- If you wish to include additional specific information, attach another sheet of paper to this letter
- Options for sending your request, mail to the address listed below, fax to (202) 307-8556, or e-mail to DEA.FOIA@usdoj.gov

Date: May 20, 2019

DEA
FOI/Records Management Section
ATTN:  FOI/PA Unit
8701 Morrisette Drive
Springfield, Virginia  22152

Dear FOIA Officer: _____

This is a request under the Freedom of Information Act.
Date range of request: 1/1/2010-date of processing
Description of request: SEE ATTACHED _____
_____
I am willing to pay up to $ 100 _____ for the processing of the request.  Please inform me if the estimated fee will exceed this limit before processing my request.
I am seeking information for personal use and not for commercial use.
Thank you for your consideration.

Name: Michelle Dillon
Title (Optional): Public Records Manager
Business (if applicable) Human Rights Defense Center
Street Address: 720 3rd Avenue #1605
City/State/ZIP Code Seattle, WA 98104
Country (if applicable) USA
Telephone (optional) 206-257-1355
E-mail (optional) mdillon@prisonlegalnews.org



# Human Rights Defense Center

### DEDICATED TO PROTECTING HUMAN RIGHTS

May 20, 2019

Drug Enforcement Administration
Attn: FOI/PA Unit (SARF)
8701 Morrissette Drive
Springfield, VA 22152

*Sent via email:* [DEA.FOIA@usdoj.gov](mailto:DEA.FOIA@usdoj.gov)

**Re:     FOIA Request for Verdicts and Settlements Information**

To the FOIA Officer:

The Human Rights Defense Center (HRDC) makes this request pursuant to the Freedom of Information Act, 5 U.S.C. § 552, *et seq.* HRDC is a 501(c)(3) non-profit organization that publishes two journals and multiple books reporting on prisons, jails and other detention facilities. HRDC requests a fee waiver for this request. Prior to a name change approved by the Secretary of State in Washington in 2009, HRDC was known as Prison Legal News.

Documents Requested

HRDC is seeking records of all litigation against the Drug Enforcement Administration (DEA) and/or its employees or agents where the agency and/or its insurers paid $1,000 or more to resolve claims. These payments include but are not limited to settlements, damages, attorney fee awards, and sanctions, irrespective of the identity of the plaintiff or claimant. Specifically, HRDC requests the following records, provided in electronic native format where possible, and otherwise in electronic format:

1.  Records, regardless of physical form or characteristics, sufficient to show for all claims or lawsuits brought against DEA and/or any of its agents or employees in which payments totaling $1,000 or more were disbursed from January 1, 2010 to the present:
    *   The name of all parties involved;
    *   The case or claim number;
    *   The jurisdiction in which the case or claim was brought (e.g., U.S. District Court for the District of Columbia, D.C. Superior Court, etc.);
    *   The date of resolution;

- The amount of money involved in the resolution and to whom it was paid,

2. For each case or claim detailed above:
   - The complaint or claim form and any amended versions;
   - The verdict form, final judgment, settlement agreement, consent decree, or other paper that resolved the case.

Fee Waiver Requested

HRDC requests a waiver of fees under 5 U.S.C. §§ 552(a)(4)(A)(ii)(II) and (iii), as HRDC is a member of the news media and disclosure of the requested information is in the public interest. HRDC is the publisher of *Prison Legal News* and *Criminal Legal News*, as well as several books about the criminal justice system and legal issues affecting prisoners. *Prison Legal News* is a legal journal that reports news and litigation concerning carceral facilities. *PLN* covers corrections news and analysis and criminal justice-related issues on a national level. *PLN* has published monthly since 1990 and has approximately 9,000 subscribers in all 50 states. Based on reader survey results the estimated actual readership is around ten times that number. *PLN*'s subscribers include lawyers, journalists, judges, courts, public libraries and universities. *PLN* also maintains a website that receives approximately 100,000 visitors per month based on site analytics. *Criminal Legal News* is a legal journal. HRDC launched the inaugural issue in December 2017. *CLN* reports on criminal law decisions from all 50 states and the federal court system, focusing on legal developments affecting the fact and duration of confinement and sentences. *CLN* also covers civil rights litigation against police, prosecutors and court systems.

Disclosure of this information is "in the public interest because it is likely to contribute significantly to public understanding of the operations or activities of the government," as described in 5 U.S.C. § 552(a)(4)(A)(iii). There is great demand for insight into DEA activities as evidenced by recently increased media coverage about immigration and DEA as an agency. Examining specific instances of how government operations are being managed and operated and how tax dollars are being expended is the hallmark of understanding government.

Regarding an analogous request from the Bureau of Prisons, the court in *Prison Legal News v. Lappin*, 436 F. Supp. 2d 17 (D.D.C. 2006), held that Prison Legal News (the previous name of the requesting corporation) was entitled to a fee waiver.

Response Requested

If this request is denied in whole or part, please provide an index to all denials by reference to specific exemptions. If any records responsive to this request are denied in part, release all segregable portions of those records. Additionally, please outline any administrative appeals process available.

Please contact me via email, mdillon@prisonlegalnews.org, should you require any additional information. Thank you for your time and attention in this matter.

                    Sincerely,

                    HUMAN RIGHTS DEFENSE CENTER

                    Michelle Dillon
                    Public Records Manager

# EXHIBIT B



**U.S. Department of Justice**
Drug Enforcement Administration
FOI/Records Management Section
8701 Morrissette Drive
Springfield, Virginia 22152

Case Number: 19-00600-F

Subject: All litigation against the Drug Enforcement Administration (DEA) and/or its employees or agents where the agency and/or its insurers paid $1,000 or more to resolve claims from January 1, 2010 to the present

Michelle Dillon
Human Rights Defense Center
720 Third Avenue, Suite 1605
Seattle, Washington 98104
mdillon@prisonlegalnews.org

Dear Ms. Dillon:

This letter responds to your Freedom of Information Act/Privacy Act (FOIA/PA) request dated May 20, 2019, addressed to the Drug Enforcement Administration (DEA), FOIA/PA Unit, seeking access to information regarding the above subject.

To fulfil your request, our office forwarded a copy of your request letter to the Office of Chief Counsel (CCA). Based upon all available information, we have determined that CCA is the DEA component that may have records responsive to the subject of your request. Please be advised, DEA's electronic tracking system for lawsuits and tort claims is not searchable by the size of payment or whether a payment was made. In addition, electronic data is only available from mid-2012 to the present. In order to obtain the documents requested, each lawsuit and tort claim electronic file would need to be examined to determine if a payment was made and, if so, whether the payment was $1,000 or more.

Further, for records prior to 2012, every tort claim and lawsuit file would need to be retrieved from archives and manually searched to determine whether a payment was made and, if so, whether the payment was $1,000 or more. We have determined that a conservative estimate for an electronic search and a manual search would be 295 hours. For these reasons, your request would require DEA to conduct an unreasonably burdensome search. As provided by 28 C.F.R. § 16.3(b), this letter affords you the opportunity to reformulate your request by narrowing the scope of your request or specifying a particular claim or lawsuit that you desire.

Case Number: 19-00600-F                                                    Page 2

    To this end, no further action will be initiated on this request until we are in receipt of a
reasonable description of records sought. If this office does not receive your response within 30
days, DEA will assume that you do not wish to pursue this matter and your request will be
administratively closed. Please forward your response to the following address:

            DEA Headquarters
            Attn: FOIA/PA Unit (SARF)
            8701 Morrissette Drive
            Springfield, VA 22152

    You may contact our FOIA Public Liaison at 202-307-7596 for any further assistance and
to discuss any aspect of your request. Additionally, you may contact the Office of Government
Information Services (OGIS) at the National Archives and Records Administration to inquire
about the FOIA mediation services they offer. The contact information for OGIS is as follows:
Office of Government Information Services, National Archives and Records Administration,
Room 2510, 8601 Adelphi Road, College Park, Maryland 20740-6001; e-mail at ogis@nara.gov;
telephone at 202-741-5770; toll free at 1-877-684-6448; or facsimile at 202-741-5769.

    If you are not satisfied with my response to this request, you may administratively appeal
by writing to the Director, Office of Information Policy (OIP), United States Department of
Justice, Suite 11050, 1425 New York Avenue, NW, Washington, DC 20530-0001, or you may
submit an appeal through OIP's FOIAonline portal by creating an account on the following
website: https://www.foiaonline.gov/foiaonline/action/public/home. Your appeal must be
postmarked or electronically transmitted within 90 days of the date of my response to your
request. If you submit your appeal by mail, both the letter and the envelope should be clearly
marked "Freedom of Information Act Appeal."

    If you have any questions regarding this letter, you may contact Government Information
Specialist J. Kewley at 202-307-7728.

                        Sincerely,

                        Angela D. Hertel

                        Angela D. Hertel, Acting Chief
                        Freedom of Information/Privacy Act Unit
                        FOI/Records Management Section

# EXHIBIT C

**Michelle Dillon**

| | |
|---|---|
| **From:** | Michelle Dillon |
| **Sent:** | Thursday, July 11, 2019 3:47 PM |
| **To:** | Kewley, John W. |
| **Subject:** | RE: DEA FOIA Request 19-00600-F |

Dear Mr. Kewley,

After review of the letter we agree to production of documents from 2012 or later. If it would expedite the process to eliminate the burden of determining the payment amount, we also will waive the $1,000 threshold from our original request and request documents for all relevant cases and we can review them ourselves to determine applicability for the level of payment, provided that DEA agrees to our request for a fee waiver.

Best,
Michelle Dillon

---

**From:** Kewley, John W. [mailto:John.W.Kewley@usdoj.gov]
**Sent:** Thursday, June 27, 2019 11:25 AM
**To:** Michelle Dillon <mdillon@prisonlegalnews.org>
**Subject:** DEA FOIA Request 19-00600-F

Ms. Dillon,

Please find attached above the Drug Enforcement Administration response to your FOIA request 19-00600-F.



John W. Kewley
Government Information Specialist
Headquarters, Drug Enforcement Administration
Freedom of Information/Privacy Unit (SARF)
Telephone: (202) 307-7728
john.w.kewley@usdoj.gov

# EXHIBIT D



**U.S. Department of Justice**
Drug Enforcement Administration
FOI/Records Management Section
8701 Morrissette Drive
Springfield, Virginia 22152

Case Number: 19-00600-F                                    OCT **2 1** 2019

Subject: All litigation against the Drug Enforcement Administration (DEA) and/or its employees or agents where the agency and/or its insurers paid $1,000 or more to resolve claims from January 1, 2010 to the present

Michelle Dillon
Human Rights Defense Center
720 Third Avenue, Suite #1605
Seattle, Washington 98104
mdillon@prisonlegalnews.org

Dear Ms. Dillon:

        This letter responds to your Freedom of Information Act/Privacy Act (FOIA/PA) request dated May 20, 2019, addressed to the Drug Enforcement Administration (DEA), Freedom of Information/Privacy Act Unit, seeking access to information regarding the above subject.

        Your reformulated request as written, received via electronic mail on July 11, 2019, does not meet the requirements of the FOIA, 5 U.S.C. § 552 (a)(3)(A), since it does not reasonably describe records. The Department of Justice rules, contained at 28 C.F.R. § 16.3, provide that "you must describe the records in enough detail to enable department personnel to locate them with a reasonable amount of effort." DEA can make certain presumptions to overcome some of the deficiencies in your request, but not all of them.

        To retrieve the information that you may be seeking requires more specificity. We have applied your time frame revision from 2010 - present to the period from 2012 to the present. We have recomputed the search time required and determined a conservative time search estimate to be 250 hours. The DEA office tasked to conduct a search of this length for files of any responsive records pertaining to the subject of your request would be burdened. As such, your request is overly broad and burdensome.

        To this end, no further action will be initiated on this request until we are in receipt of a reasonable description of records sought. If this office does not receive your reformulated request within 30 days, DEA will assume that you do not wish to pursue this matter and your request will be administratively closed. Please forward your response to the following address:

                DEA Headquarters
                Attn: FOIA/PA Unit (FSRF)
                8701 Morrissette Drive
                Springfield, VA 22152

You may contact our FOIA Public Liaison at 202-307-7596 for any further assistance and to discuss any aspect of your request. Additionally, you may contact the Office of Government Information Services (OGIS) at the National Archives and Records Administration to inquire about the FOIA mediation services they offer. The contact information for OGIS is as follows: Office of Government Information Services, National Archives and Records Administration, Room 2510, 8601 Adelphi Road, College Park, Maryland 20740-6001; e-mail at ogis@nara.gov; telephone at 202-741-5770; toll free at 1-877-684-6448; or facsimile at 202-741-5769.

If you are not satisfied with my response to this request, you may administratively appeal by writing to the Director, Office of Information Policy (OIP), United States Department of Justice, Sixth Floor, 441 G Street, NW, Washington, DC 20530-0001, or you may submit an appeal through OIP's FOIAonline portal by creating an account on the following website: https://www.foiaonline.gov/foiaonline/action/public/home. Your appeal must be postmarked or electronically transmitted within 90 days of the date of my response to your request. If you submit your appeal by mail, both the letter and the envelope should be clearly marked "Freedom of Information Act Appeal."

If you have any questions regarding this letter, you may contact Government Information Specialist J. Kewley at 202-307-7728.

Sincerely,

Angela D. Hertel

Angela D. Hertel, Acting Chief
Freedom of Information/Privacy Act Unit
FOI/Records Management Section

# EXHIBIT E

**Michelle Dillon**

| | |
|---|---|
| **From:** | admin@foiaonline.gov |
| **Sent:** | Tuesday, October 29, 2019 1:07 PM |
| **To:** | Michelle Dillon |
| **Subject:** | FOIA Appeal DOJ-AP-2020-000540 Submitted |

This message is to notify you of a new appeal submission to the FOIAonline application. Appeal information is as follows:

- Appeal Tracking Number: DOJ-AP-2020-000540
- Request Tracking Number: 19-00600-F
- Requester Name: Michelle Dillon
- Date Submitted: 10/29/2019
- Appeal Status: Submitted
- Description: HRDC submitted a revised request via email to DEA on July 11, 2019. Our revised request limited document production to records dated 2012 onward to eliminate the need to retrieve archival materials, a process that had been identified by DEA as burdensome. We additionally agreed to waive the $1,000 threshold for all relevant cases—another significant burden claimed by DEA—and internally review the payment amounts to identify responsive cases.

On October 21, 2019, DEA responded to HRDC's revised request. The agency's response letter indicated that the revised search estimate was 250 hours, a reduction of just 18% from the original estimate. The agency indicated that the revised request was "overly broad and burdensome" and that "no further action will be initiated on this request until we are in receipt of a reasonable description of records sought."

HRDC appeals this response from DEA on the grounds that our revised request should be fully sufficient to allow DEA to identify responsive documents. DEA should have reasonable capabilities to identify whether or not a payment was made for lawsuits and tort claims, even if the agency's system may not sort cases by payment amounts. Although DEA has claimed that our request is overly broad, it is not possible to reformulate a response that would identify records more narrowly than previously requested, which is a request for electronically available lawsuits and tort claims against DEA for which payments were distributed to plaintiffs.

We ask that DEA resume processing our revised request.

# EXHIBIT F



**U.S. Department of Justice**
Office of Information Policy
*Sixth Floor*
*441 G Street, NW*
*Washington, DC  20530-0001*

*Telephone: (202) 514-3642*

Michelle Dillon
Human Rights Defense Center
Suite 1605
720 3rd Avenue                      Re:     Appeal No. DOJ-AP-2020-000540
Seattle, WA  98104                          Request No. 19-00600-F
mdillon@prisonlegalnews.com                 RNB:JKD

**VIA:  FOIAonline**

Dear Michelle Dillon:

        You appealed from the action of the Drug Enforcement Administration (DEA) on your
revised Freedom of Information Act request for access to all litigation against the DEA and/or its
employees or agents where the agency and/or its insurers paid $1,000 or more to resolve the
claims, from 2012 to the present.[1]  I note that your appeal concerns DEA's full denial of your
request.

        After carefully considering your appeal, I am affirming, on partly modified grounds,
DEA's action on your request.  A proper FOIA request for records must reasonably describe the
records sought.  See 5 U.S.C. § 552(a)(3)(A); see also 28 C.F.R. § 16.3(b)(2019).  DEA
informed you that you did not reasonably describe the subject of your request.  Your request is
not reasonably described because you did not characterize the records sought in such a way that
they could be located with a reasonable amount of effort.  In order to conduct a search for
responsive records, DEA would have to individually search thousands of litigation files.
Additionally, DEA's electronic tracking system for lawsuits and tort claims is not searchable by
whether a payment was made or the amount of payment.

        If you would like to discuss with DEA how to formulate your request to reasonably
describe the records sought, you may contact DEA's FOIA Public Liaison at (202) 307-4264.
You may wish to submit a new, reasonably described request directly to DEA.

        Please be advised that this Office's decision was made only after a full review of this
matter.  Your appeal was assigned to an attorney with this Office who thoroughly reviewed and
analyzed your appeal, your underlying request, and the action of DEA in response to your
request.

---

[1] This Office notes that you agreed to waive the $1,000 threshold from the original request if it would expedite the
process of your request.  Please be advised that DEA determined that it would not.

- 2 -

If you are dissatisfied with my action on your appeal, the FOIA permits you to file a lawsuit in federal district court in accordance with 5 U.S.C. § 552(a)(4)(B).

For your information, the Office of Government Information Services (OGIS) offers mediation services to resolve disputes between FOIA requesters and Federal agencies as a non-exclusive alternative to litigation.  Using OGIS services does not affect your right to pursue litigation.  The contact information for OGIS is as follows:  Office of Government Information Services, National Archives and Records Administration, Room 2510, 8601 Adelphi Road, College Park, Maryland 20740-6001; email at ogis@nara.gov; telephone at 202-741-5770; toll free at 1-877-684-6448; or facsimile at 202-741-5769.  If you have any questions regarding the action this Office has taken on your appeal, you may contact this Office's FOIA Public Liaison for your appeal.  Specifically, you may speak with the undersigned agency official by calling (202) 514-3642.

Sincerely,

1/31/2020

X

Matthew W. Hurd
Acting Chief, Administrative Appeals Staff
Signed by: MATTHEW HURD