UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| HUMAN RIGHTS DEFENSE CENTER,<br>            Plaintiff,<br><br>   v.<br><br>UNITED STATES DEPARTMENT OF JUSTICE et al.,<br>            Defendants. | CASE NO. 2:20-cv-00674-JHC<br><br>ORDER |

# I

### INTRODUCTION

This matter comes before the Court on outstanding issues in the second set of cross-motions for summary judgment submitted by Plaintiff Human Rights Defense Center (HRDC) and Defendants United States Department of Justice and its law enforcement component the Drug Enforcement Administration (collectively, Defendants or the DEA). *See* Dkt. ## 53, 55. In its previous order on summary judgment, *see* Dkt. # 60, the Court reserved ruling on certain issues, including the redactions in Files 24, 63, and 138 and attorney fees, and directed the DEA to submit Files 63 and 138 for in camera review and to file a supplemental brief and supporting declaration to provide more information related to the redaction in File 24. *Id.* at 29–31.

ORDER - 1

Defendants have submitted in camera Files 63 and 138, and a supplemental brief and accompanying declaration. *See* Dkt. ## 61, 62. The Court has reviewed these documents; the materials filed in support of, and in opposition to, the cross-motions for summary judgment; and the governing law. For the reasons discussed below, the Court resolves the remaining issues at summary judgment, *see* Dkt. ## 53, 55, concluding that (1) Defendants properly invoked exemption 6 when redacting the information at issue in Files 24, 63, and 138, and (2) that HRDC is eligible and entitled to attorney fees.

## II

### Discussion

A.  Files 63 and 138

After in camera review of Files 63 and 138, the Court determines that the DEA correctly redacted the information at issue under FOIA exemption 6. *See* Dkt. # 54-1 at 19; 21–22; *see* U.S.C. § 552(b)(6) (allowing agencies to withhold "personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy"). The block redaction in File 63, *see* Dkt. # 54-1 at 19, removes information about the claimants' personal and employment history and is not reasonably segregable. *Cf.* 5 U.S.C. § 552(b) ("Any reasonably segregable portion of a record shall be provided to any person requesting such record after deletion of the portions which are exempt under this subsection."). The block redactions of two footnotes in File 138, *see* Dkt. # 54-1 at 21–22, are also proper as they consist of non-segregable information that—if disclosed—could reasonably identify the claimant and other individuals involved in the claim.

Because the Court has recognized that private claimants have nontrivial privacy interests, and the public interest sought to be advanced by disclosure is not significant enough to outweigh those interests, the Court determines that the DEA properly invoked FOIA exemption 6 when it

ORDER - 2

redacted this information.  *See* Dkt. # 33 at 14–16; Dkt. 60 at 9–10, 18; *U.S. Dep't of Justice v. Reporters Comm. for Freedom of the Press*, 489 U.S. 749, 763 (1989); *Bibles v. Oregon Nat. Desert Ass'n*, 519 U.S. 355, 355–56 (1997).

B.      File 24

The Court has also reviewed the DEA's supplemental brief and declaration related to the redaction of information in File 24.  *See* Dkt. ## 61, 62.  The Court had directed the DEA "to submit a supplemental brief and a supporting declaration, . . . which includes the DEA Academy's comprehensive enrollment numbers and relevant demographic information so the Court may determine whether the Academy's 'limited' enrollment precludes HRDC's access to the information at issue."  Dkt. # 60 at 26.  In its supplemental brief, DEA says that the total enrollment in all DEA Academy classes for 2012 was estimated to be 388 enrollees, and of the 353 trainees who graduated, only 74 of those graduates were women.  Dkt. # 61 at 2–3; Dkt. # 62 at 3–5.

After review of these limited enrollment figures, the Court concludes that the disclosure of the redacted information related to the private claimant's training and proficiency while enrolled at the DEA Academy could disclose her identity to those familiar with her situation.  *See Freedom of Press*, 489 U.S. at 768 ("[W]hat constitutes identifying information regarding a [claimant] must be weighed not only from the viewpoint of the public, but also from the vantage of those who would have been familiar" with aspects of the background of the claim.).  In accord with the Court's first summary judgment order that recognizes that private citizen claimants "have more than a de minimis privacy interest in preventing the disclosure of their identities[,]" which the public interest in disclosure does not overcome, *see* Dkt. # 33 at 14–16, the DEA properly invoked exemption 6 as to these redactions.

C. Attorney Fees

In its previous summary judgment order, *see* Dkt. # 60 at 29–30, the Court reserved ruling on whether HRDC was eligible and entitled to attorney fees under the statute. 5 U.S.C. § 552(a)(4)(E)(ii). Because the Court has now resolved all pending merit issues at summary judgment, the Court determines HRDC's eligibility and entitlement as follows.

"To obtain an award of attorney fees under the FOIA, a plaintiff must demonstrate both eligibility and entitlement to the award." *Oregon Nat. Desert Ass'n v. Locke*, 572 F.3d 610, 614 (9th Cir. 2009). To show eligibility for an award of attorney fees, a plaintiff must show that they have "substantially prevailed" by obtaining relief either through (1) a judicial order or (2) a voluntary or unilateral change in position by the agency. 5 U.S.C. § 552(a)(4)(E)(ii); *First Amend. Coal.*, 878 F.3d at 1127. To do so, a plaintiff must "present 'convincing evidence' that the filing of the action 'had a substantial causative effect on the delivery of the information.'" *First Amend. Coal.*, 878 F.3d at 1127 (quoting *Church of Scientology of Cal. v. U.S. Postal Serv.*, 700 F.2d 486, 489 (9th Cir. 1983)). Courts considers three factors in evaluating whether a plaintiff has shown a causative effect: (1) when the documents were released; (2) what triggered the release of the documents; and (3) whether the plaintiff was entitled to the documents at an earlier time. *Id.* at 1129 (citing *Church of Scientology*, 700 F.2d at 492).

Next, a plaintiff must establish entitlement to the award by applying a balancing test under *Hiken v. Department of Defense*; the Court considers: (1) the public benefit from disclosure; (2) any commercial benefit to the plaintiff resulting from disclosure; (3) the nature of the plaintiff's interest in the disclosed records; and (4) whether the government's withholding of the records had a reasonable basis in law. 836 F.3d 1037, 1044 (9th Cir. 2016) (quoting *Long v. I.R.S.*, 932 F.2d 1309, 1313 (9th Cir. 1991)).

ORDER - 4

In its second motion for summary judgment, HRDC contends that, after applying the *First Amendment Coalition* and *Hiken* factors, it is entitled to an award of attorney fees and costs. Dkt. # 53 at 17–22. The DEA opposes and—without applying either the *First Amendment Coalition* or the *Hiken*[1] factors—asks the Court to "again defer any decision on attorney's fees until all merits issues are resolved." Dkt. # 55 at 22–23; *see* Dkt. # 59 at 17. The DEA, without disputing HRDC's analysis under either of the applicable tests, contends that "[e]ven after the Court rules on this second round of summary judgment motions, merit issues will linger[,]" precluding a finding on fee eligibility and entitlement because "the Court has stayed a part of its summary judgment order that requires the DEA to produce the names of its employees who are alleged tortfeasors/wrongdoers." Dkt. # 55 at 22–23.

The Court disagrees. In its first summary judgment order, the Court directed the DEA to disclose the names of any alleged DEA employee tortfeasors/wrongdoers disclosed in its files. Dkt. # 33 at 21, 33. But—on motion by the DEA, *see* Dkt. # 42—the Court stayed any such disclosures pending the Ninth Circuit's consideration on appeal; the Court recognized that if these names were released, and its decision was ultimately overturned, the disclosure of these names could not be undone. *See* Dkt. # 47. Still, the Court's decision to stay the disclosure of this narrow portion of the first motion for summary judgment was not a commentary on the merits of the Court's decision—one that found for HRDC—but was a recognition of the potential consequences if the Ninth Circuit reaches a different conclusion. This stay does not change the fact the Court has resolved all pending merit issues on summary judgment. Because there are no

---

[1] The DEA does not reference the *Hiken* factors but refers to a balancing test from *Morley v. CIA*, 894 F.3d 389, 391 (D.C. Cir. 2018). Because these factors are substantively similar to the *Hiken* factors, and *Morley* is not binding, the Court applies the governing Ninth Circuit principles.

ORDER - 5

"lingering" issues at play, the Court will apply the governing tests to determine HRDC's eligibility and entitlement to fees.

1.  Fee eligibility: *First Amendment Coalition* factors

HRDC contends that the *First Amendment Coalition* factors weigh in its favor. As for the first factor, it says that the "filing of this action was the substantive cause that triggered [the] DEA to release disclosable public records, at least twice over." Dkt. # 53 at 18. According to HRDC, before filing this action in federal court, the DEA "flatly refused to provide a single record" three times: (1) by denying HRDC's initial records request; (2) after HRDC submitted a second amended and narrowed request; and (3) by denying HRDC's administrative appeal. *Id.*; Dkt. # 27 at 3–4 ¶¶ 9–12, 14–22.

As for the second factor, HRDC says that only after filing this action did the DEA "unilaterally change[] its position, conceding for the first time that it could and would produce responsive records" that were "heavily redacted." Dkt. # 53 at 18, 20; Dkt. # 28 at 2 ¶¶ 2–8, 8–27. HRDC says that, even before the parties' filed their first round of summary judgment briefing, it had "already achieved a 'voluntary' and 'unilateral' change in [the] DEA's position by virtue of bringing this lawsuit." Dkt. # 53 at 19. HRDC also asserts that it "substantially prevailed a second time," through the Court's first summary judgment order, because the Court directed the DEA to remove redactions from 381 pages of its previous production. *Id.* (citing Dkt. ## 46, 49); Dkt. # 54 at 2 ¶¶ 2–3.

And as for the third factor, HRDC concludes that it has always been entitled to these documents, as evinced by the DEA's "voluntary partial release of records prior to summary judgment" and its subsequent release of information in response to the Court's first summary judgment order. Dkt. # 53 at 20.

The DEA did not address any of these factors.

The Court concludes that HRDC is eligible for an award of fees. First, every document released by the DEA, about 1,700 pages of responsive pages, occurred after HRDC filed this case. *See* Dkt. # 28 at 8–9; Dkt. # 25 at 5–7. Next, of those pages released, many redactions were removed after the Court's first summary judgment order. *See generally* Dkt. # 33. Finally, the DEA's decision to voluntarily disclose multiple files—only after this action was filed in federal court—show that HRDC was entitled to the documents at an earlier time. *See* Dkt. # 28 at 2, 8–11. The Court concludes that, on balance and for the reasons outlined in HRDC's briefing, *see* Dkt. # 53 at 19–23; Dkt. # 57 at 18–21, HRDC is eligible for fees because it has presented convincing evidence that the filing of the action "'had a substantial causative effect on the delivery of the information.'" *First Amend. Coal.*, 878 F.3d at 1127 (quoting *Church of Scientology*, 700 F.2d at 489).

    2.    Fee entitlement: *Hiken* factors

HRDC asserts that the *Hiken* factors show that it is entitled to an award of fees. As for the first and third factors, HRDC says that it is a "non-profit public-interest group that advocates for the human rights of detained persons" and seeks information from the DEA as a "part of an ongoing investigative reporting project into various government agencies' practice in settling claims and lawsuits." Dkt. # 53 at 20 (citing *Prison Legal News v. Samuels*, 787 F.3d 1142, 1151 (D.C. Cir. 2015); *Hum. Rts. Def. Ctr. v. U.S. Dep't of Homeland Sec.*, No. C18-1141 TSZ, 2021 WL 1264003, *4 (W.D. Wash. Apr. 6, 2021).

As for the second factor, HRDC contends that courts typically award fees if the interest in the information sought was scholarly or journalistic, which it claims is its motive here. Dkt. # 53 at 21 (citing *Long*, 932 F.2d at 1316). And as for the fourth factor, HRDC says that the DEA's refusal to disclose any files before the filing of this action, followed by its later voluntary and court-directed disclosure, shows that it had no "reasonable basis in law." *Id.*

ORDER - 7

1    The DEA does not dispute that HRDC seeks these files to make clear the agency's
2    practice in settling civil claims and lawsuits. *See* Dkt. # 53 at 20–21; Dkt. # 55 at 22–23
3    (absence); Dkt. # 59 at 17 (absence). Nor does the DEA contest that HRDC, a 501(c)(3)
4    organization that advocates for the human rights of detained persons, seeks this information for
5    non-commercial "scholarly" or "journalistic" publication. *See* Dkt. # 53 at 20–21; Dkt. # 55 at
6    22–23 (absence); Dkt. # 59 at 17 (absence). And the DEA does not dispute that since HRDC
7    filed this case, it has voluntarily disclosed multiple previously withheld files to HRDC. *See* Dkt.
8    # 28 at 2, 8–11. Further, in its previous summary judgment order (Dkt. # 33), the Court
9    determined that the DEA wrongly redacted multiple items in its files, such as (1) the names of
10   alleged tortfeasors who are DEA employees; (2) the case numbers, judge and attorney names,
11   and litigant names in publicly filed civil lawsuits; and (3) the names of DEA employees accused
12   of wrongdoing named in settlement agreements in which the agreement contains a provision
13   permitting public disclosure. Dkt. # 33 at 33–34.[2] After consideration of these factors, and for
14   the reasons raised in HRDC's briefing, *see* Dkt. # 53 at 17–22; Dkt. # 57 at 18–23, Court
15   concludes that HRDC is entitled to an award of fees.

For these reasons, the Court determines that HRDC is the substantially prevailing party and is eligible and entitled to reasonable attorney fees and costs. *See* 5 U.S.C. § 552(a)(4)(E).

### III
#### CONCLUSION

Accordingly, the Court ORDERS the following:

1. As for the redaction of narrative claim descriptions and non-private agency information in Files 63 and 138, the Court DENIES Plaintiff's motion and GRANTS

---

[2] The DEA only disclosed Files 18 and 19 to HRDC after the Court directed it to submit supplemental briefing on its decision to withhold the purportedly "sealed" Files 18 and 19. *See* Dkt. # 33 at 33; Dkt. # 44 at 3 ¶¶ 9–11.

Defendants' motion, determining that Defendants properly invoked exemption 6 in redacting this information.

    2.    As for the redaction of information in File 24, the Court DENIES Plaintiff's motion and GRANTS Defendants' motion, determining that Defendants properly invoked exemption 6 in redacting this information.

    3.    As for attorney fees, the Court GRANTS Plaintiff's motion and DENIES Defendants' motion.

Dated this 7th day of June, 2024.

*John H. Chun*
John H. Chun
United States District Judge

ORDER - 9