UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| HUMAN RIGHTS DEFENSE CENTER, | CASE NO. 2:20-cv-00674-JHC |
| Plaintiff, | ORDER |
| v. | |
| UNITED STATES DEPARTMENT OF JUSTICE et al., | |
| Defendants. | |

# I

## INTRODUCTION

This matter comes before the Court on Defendants' Motion to Alter or Amend Judgment under Rule 59(e) or for Relief from the Judgment under Rule 60(b)(6). *See* Dkt. # 67. Defendants United States Department of Justice and its law enforcement component the Drug Enforcement Administration (collectively, Defendants or the DEA) ask the Court to amend its judgment. *See* Dkt. # 64. Plaintiff Human Rights Defense Center (HRDC) opposes the motion. Dkt. # 69.   Being fully advised, for the reasons below, the Court DENIES the motion.

ORDER - 1

# II

# BACKGROUND

On May 20, 2019, HRDC submitted a Freedom of Information Act (FOIA) request, seeking disclosure of records of "all litigation against the [DEA] and/or its employees or agents where the [DEA] and/or its insurers paid $1,000 or more to resolve claims." Dkt # 25-2 at 2. HRDC requested records of "settlements, damages, attorney fee awards, and sanctions, irrespective of the identity of the plaintiff or claimant." *Id.* After the DEA denied HRDC's request and the Department of Justice Office of Information Policy denied HRDC's administrative appeal, *see* Dkt. ## 25-6; 25-6, HRDC filed this action. Dkt. # 1.

On July 8, 2022, Defendants moved for summary judgment. Dkt. # 24. On August 26, 2022, Plaintiff cross-moved for summary judgment. Dkt. # 26. The Court granted in part and denied in part the motions, denying portions of Defendants' and Plaintiff's motions without prejudice. Dkt. # 33 at 1–2, 32–34. In that order, among other conclusions, the Court determined that the DEA incorrectly withheld the identities of alleged "tortfeasors/wrongdoers" (collectively, tortfeasors), *see id.* at 16–19, because "[b]alancing the tortfeasors' nontrivial privacy interests against the significant interests favoring disclosure . . . revealing the DEA employee alleged tortfeasors' names would not constitute a clearly unwarranted invasion of personal privacy." *Id.* at 19.

Defendants then moved to stay this portion of the Court's order. Dkt. # 42. The Court granted the motion, implementing a stay of the disclosure of the names of the tortfeasors that would remain "in effect through the conclusion of any appeal or until the deadline to file a notice of appeal lapses[.]" Dkt. # 47.

The parties then cross-moved for summary judgment for a second time. *See* Dkt. ## 53, 55, 57, 59. After supplemental briefing and in camera review of certain files, *see* Dkt. ## 60, 61, the Court granted in part and denied in part the motions, and entered judgment. Dkt. ## 63, 64.

The DEA now moves to amend or alter the judgment under Federal Rule of Civil Procedure 59(e) or Federal Rule of Civil Procedure 60(b)(6), contending that the Court misapplied the law in its first order on summary judgment, *see* Dkt. # 33, and that the Court should amend its judgment to "relieve [the] DEA of the requirement to identify its employees who are named 'tortfeasors.'" Dkt. # 67 at 3. HRDC opposes. Dkt. # 69.

### III
### LEGAL STANDARDS

A.  Rule 59(e): Altering or Amending a Judgment

Under Rule 59(e), a party may move to alter or amend a judgment no later than 28 days after the entry of the judgment. Fed. R. Civ. P 59(e). This rule provides for an "extraordinary remedy" that should be "used sparingly in the interests of finality and conservation of judicial resources." *Kona Enterprises, Inc. v. Est. of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (quoting 12 James William Moore et al., *Moore's Federal Practice* § 59.30[4] (3d ed. 2000)).

> In general, there are four basic grounds upon which a Rule 59(e) motion may be granted: (1) if such motion is necessary to *correct manifest errors of law* or fact upon which the judgment rests; (2) if such motion is necessary to present newly discovered or previously unavailable evidence; (3) if such motion is necessary to *prevent manifest injustice*; or (4) if the amendment is justified by an intervening change in controlling law.

*Allstate Ins. Co. v. Herron*, 634 F.3d 1101, 1111 (9th Cir. 2011) (citing *McDowell v. Calderon*, 197 F.3d 1253, 1255 n.1 (9th Cir.1999) (en banc) (per curiam) (emphasis added)). "Since specific grounds for a motion to amend or alter are not listed in the rule, the district court enjoys considerable discretion in granting or denying the motion." *McDowell*, 197 F.3d at 1255 n.1.

ORDER - 3

Even so, a Rule 59(e) motion may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation. *See Kona*, 229 F.3d at 890. The Ninth Circuit has cautioned that motions under Rule 59(e) "should not be granted, absent highly unusual circumstances," and only when "the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Id.* (quoting *389 Orange St. Partners v. Arnold,* 179 F.3d 656, 665 (9th Cir. 1999)).

B.   Rule 60(b)(6): Relief from Judgment or Order

Rule 60(b) provides various grounds for relief from a final judgment, including relief from "mistake, inadvertence, surprise, or excusable neglect[,]" "newly discovered evidence[,]" "fraud[,]" or when the judgment is "void" or "has been satisfied, released, or discharged[.]" Fed. R. Civ. P. 60(b)(1)–(5). Under Rule 60(b)(6), the Court may "relieve a party . . . from a final judgment . . . for any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6). A "movant seeking relief under Rule 60(b)(6) must show 'extraordinary circumstances justifying the reopening of a final judgment.'" *Hall v. Haws*, 861 F.3d 977, 987 (9th Cir. 2017) (quoting *Gonzalez v. Crosby*, 545 U.S. 524, 535 (2005)). Rule 60(b)(6) should be "used sparingly as an equitable remedy to prevent manifest injustice." *United States v. Alpine Land & Reservoir Co.*, 984 F.2d 1047, 1049 (9th Cir. 1993).

"[T]he decision to grant Rule 60(b)(6) relief is a case-by-case inquiry that requires the trial court to intensively balance numerous factors, including the competing policies of the finality of judgments and the incessant command of the court's conscience that justice be done in light of all the facts." *Hall*, 861 F.3d at 987 (quoting *Phelps v. Alameida*, 569 F.3d 1120, 1133 (9th Cir. 2009)). "Rule 60(b)(6) is a grand reservoir of equitable power, and it affords courts the discretion and power to vacate judgments whenever such action is appropriate to accomplish justice." *Id.* (quoting *Phelps*, 569 F.3d at 1133).

ORDER - 4

# IV

# DISCUSSION

The DEA seeks relief under Rule 59(e) or Rule 60(b)(6), requesting that the Court remove "the Judgment's requirement that [the] DEA release the names of its employees who were alleged [tortfeasors.]" Dkt. # 67 at 1. According to the DEA, "[r]elief is needed to correct a misapplication of the law in the Court's first summary judgment order," see Dkt. # 33, "in which the Court relied on authorities that addressed tortfeasors who were proven, repeat offenders, or whose names had already been disclosed in a publicly filed civil complaint." Dkt. # 67 at 2 (citing Dkt. # 33 at 16-19). The DEA contends that the Court's "reliance on inapposite authorities incorrectly inflated the perceived public interest in disclosure, deflated the employees' privacy interest in redaction, and led to the erroneous conclusion that [the] DEA must produce these employees' names." Id. The DEA provides a declaration from Joshua Delo (Delo Declaration), Unit Chief of the processing sub-unit within the FOIA/Privacy Act Unit of the United States Department of Justice, in support of its brief. Dkt. ## 68, 68-1.

HRDC opposes, arguing that the DEA "essentially seeks reconsideration of the Court's summary judgment ruling that names of DEA employees appearing in settlement and claim records are subject to FOIA disclosure." Dkt. # 69 at 6. According to HRDC, there are three grounds on which the Court should deny the motion: (1) the DEA offers "no change in law" to justify a reversal of the Court's judgment; (2) the DEA "impermissibly attempts to introduce new evidence regarding specific employees and settlements disclosed in the records at issue," see Dkt. ## 68, 68-1, claiming that the evidence was available to the DEA before its summary judgment briefing; and (3) "even if the new evidence is considered, it is insufficient to satisfy the DEA's burden of establishing that any FOIA exemption applies." Dkt. # 69 at 6.

In its first summary judgment order, the Court considered whether the DEA properly invoked FOIA exemption 6, *see* 5 U.S.C. § 552(b)(6), when it redacted the identities of alleged DEA employee tortfeasors. Exemption 6 allows agencies to withhold "personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy[.]" *Id.* In deciding the DEA's use of exemption 6, the Court considered (1) whether the documents in question consisted of "personnel and medical files and similar files" (which the Court found they did), *see* Dkt. # 33 at 12, and (2) whether the production of the document, or the information contained in it, constituted "a clearly unwarranted invasion of personal privacy." *Id.* at 12–13 (citing 5 U.S.C. § 552(b)(6)).

When considering if disclosure under FOIA constitutes a "clearly unwarranted invasion of personal privacy," courts "must balance the privacy interest protected by the exemptions against the public interest in government openness that would be served by disclosure." *Prudential Locations LLC v. U.S. Dep't of Hous. & Urb. Dev.*, 739 F.3d 424, 430 (9th Cir. 2013) (quoting *Elec. Frontier Found. v. Off. of The Dir. of Nat'l Intel.*, 639 F.3d 876, 886 (9th Cir. 2010)). To do so, courts apply a two-step test for balancing individual privacy rights against the public's interest in disclosure. The first step assesses the personal privacy interest at stake to ensure that disclosure implicates a nontrivial personal privacy interest. *Cameranesi v. U.S. Dep't of Def.*, 856 F.3d 626, 637 (9th Cir. 2017). The second step assesses whether the public interest in disclosure is a significant one and whether that information sought "is likely to advance that interest." *Id.* (quoting *Lane v. Dep't of Interior*, 523 F.3d 1128, 1137 (9th Cir. 2008)). The information the plaintiff seeks must "contribut[e] significantly to public understanding of the operations or activities of the government." *Forest Serv. Emps. for Env't Ethics v. U.S. Forest Serv.*, 524 F.3d 1021, 1025 (9th Cir. 2008) (alteration in original) (citation and quotation marks omitted).

A.    New Evidence Under Rules 59 and 60

The DEA—relying on information provided in the Delo Declaration—contends that the Court undervalued the tortfeasor's privacy interests and overvalued the public interest in access to the DEA files at issue.  *See generally* Dkt. ## 68, 68-1.  HRDC responds that the information in the Delo Declaration is "untimely and should be disregarded" because it comes from the DEA's own files and could have been submitted "at any time in this litigation."  Dkt. # 69 at 13.  HRDC says that "Rule 59 and Rule 60 do not allow a litigant to sit on its hands and withhold readily available evidence until after judgment has been entered."  *Id.*  HRDC contends that the Court gave the DEA multiple opportunities to submit declarations and briefing regarding the FOIA exemptions at issue and the DEA should not have "an additional bite at the evidence *after* judgment."  *Id.* at 14 (citing *Transgender Law Center v. Immigr. & Customs Enf't*, 46 F.4th 771, 781 (9th Cir. 2022); *Wiener v. FBI*, 943 F.2d 972, 979 (9th Cir. 1991)).  For these reasons, HRDC asks the Court to strike or disregard the information provided in the Delo Declaration.  *Id.*

The DEA replies that the Court "has broad discretion to consider evidence that specifically addresses the legal framework it established" in its first summary judgment order.  Dkt. # 71 at 6.  The DEA says that the Delo Declaration informs the Court as to whether the tortfeasors were repeat offenders and whether they are still employed with the agency.  The DEA disagrees with HRDC's assertion that the Court already gave it the "opportunity to supplement the record on the issue of identifying the alleged tortfeasor employees[,]" contending that the Court should "consider [the] DEA's declaration to ensure 'that justice [is] done in light of all the facts.'"  Dkt. # 67 at 7, 10 (citing *Hall*, 861 F.3d at 987); Dkt. # 71 at 7.

"Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law."  *Sch. Dist. No. 1J, Multnomah Cnty., Or.*

ORDER - 7

*v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993) (reviewing a motion for reconsideration under Rule 59(e)).  The DEA does not seek relief based on newly discovered evidence under Rule 59(e) or Rule 60(b)(2).  The DEA instead appears to argue that the Court "committed clear error or the initial decision was manifestly unjust" under Rule 59(e) or for "any other reason that justifies relief" under Rule 60(b)(6).

Because a Rule 59(e) motion may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation, and the Delo Declaration includes information about DEA files that was available to Defendants at an earlier time, the Court does not consider the motion under that rule.  *See Kona*, 229 F.3d at 890.  But because it is the "incessant command of the court's conscience that justice be done in light of all the facts[,]" and given the circumstances presented by this case, the Court exercises its discretion to consider the motion, and the information provided in the Delo Declaration, under Rule 60(b)(6).  *See Hall*, 861 F.3d at 987.

B.   Personal Privacy Interest

In its first summary judgment order, the Court considered the DEA's reasons for nondisclosure—as they pertained to the tortfeasors' privacy interests—to be "insufficient" because they were "vague, conclusory allegations of prejudice and harassment."  Dkt. # 33 at 17.  The Court observed that "federal government employees' privacy interests are generally diminished when they have been 'investigated for misfeasance relating to the performance of official duties.'"  *Id.* at 18 (citing *Hum. Rts. Def. Ctr. v. U.S. Dep't of Homeland Sec.*, No. C18-1141 TSZ, 2021 WL 1264003, at *3 (W.D. Wash. Apr. 6, 2021) (*HRDC v. ICE*); *Prison Legal News v. Samuels*, 787 F.3d 1142, 1150 (D.C. Cir. 2015))).  The Court also said that *Hunt v. FBI*, 972 F.2d 286, 288 (9th Cir. 1992)—a case cited by the DEA—was "distinguishable because, contrary to HRDC's FOIA request in this case, there was 'little or no public interest served by

ORDER - 8

disclosure of th[e] isolated file [in *Hunt*].'" Dkt. # 33 at 18.  The Court therefore assumed, "without deciding, that these DEA employee alleged tortfeasors have a nontrivial privacy interest in preventing the disclosure of their identities." *Id.*

In its motion, the DEA contends that the Court's reliance on *HRDC v. ICE*, was misplaced because the names of the government employees in that case had been publicly disclosed on the "case docket report" and the allegations set forth in the complaint were public knowledge.  2021 WL 1264003, at *3; Dkt. # 67 at 6.  The DEA says that the alleged tortfeasors here "have not been publicly disclosed, nor do their names appear in settlement agreements" or any documents that authorize public disclosure.  Dkt. # 67 at 6.  The DEA states that these alleged tortfeasors have "greater privacy interests" than the diminished ones in *HRDC v. ICE*. *Id.* at 6–7.  The DEA then suggests that the Court should consider *Hunt* for the proposition that government employees may have reduced privacy interests, but "they retain substantial privacy interests because they 'generally ha[ve] a privacy interest in any file that reports on an investigation that could lead to [their] discipline or censure.'"  *Id.* at 7 (citing *Lane*, 523 F.3d at 1137.[1]

HRDC responds that *HRDC v. ICE* "cited the prior public availability of the employees' name in a court docket as *one* reason why an agency employee had a diminished privacy interest in a settlement agreement," but also recognized that "the alleged 'misfeasance relating to their official duties' further diminishes any privacy interest in nondisclosure."  Dkt. # 69 at 12

---

[1] The DEA's reliance on *Hunt v. F.B.I* is misplaced.  While the Court has recognized that agents generally have "a privacy interest in any files that reports on an investigation that could lead to the employee's discipline or censure," it did not err in distinguishing *Hunt* from this matter because, while HRDC seeks multiple files here, Hunt sought just one file, which limited the public interest in its disclosure.  *Hunt v. F.B.I.*, 972 F.2d at 289 ("The single file sought by Hunt will not shed any light on whether all such FBI investigations are comprehensive or whether sexual misconduct by agents is common.").  Still, this case applies more to the public interest inquiry, which the next section of this order discusses.  *See infra* Section IV.C.

ORDER - 9

(emphasis in original) (quoting *HRDC v. ICE*, 2021 WL 1264003, at *3). As for the DEA's use of *Hunt* and *Lane*, HRDC contends that these cases "are distinguishable because in both, unlike in this case, the agency established a specific basis for concluding that disclosure imperiled employees' privacy." *Id.*

In *HRDC v. ICE*, the court said that individuals have generally diminished privacy interests in two separate instances: (1) when information is already publicly available and (2) when federal government employees have been investigated for misfeasance relating to the performance of official duties. 2021 WL 1264003, at *3 (citing *Providence J. Co. v. U.S. Dep't of Army*, 981 F.2d 552, 568 (1st Cir. 1992)). There, the judge found that both situations applied, thus diminishing the agency employees' privacy interests. *See id.* ("Second, at least with respect to the ICE employees named in the Settlement, the alleged 'misfeasance relating to their official duties' further diminishes any privacy interest in nondisclosure."). The Court's recognition that "federal government employees' privacy interests are generally diminished when they have been 'investigated for misfeasance relating to the performance of official duties[,]'" *see* Dkt. # 33 at 18, is thus not an example of manifest injustice. *See Alpine Land*, 984 F.2d at 1049.

C.   Public Interest in Disclosure

In its first summary judgment order, the Court concluded that

> There is a significant public interest served by disclosure of the DEA employee alleged tortfeasors' identities to determine whether the "public servants who have been accused of wrongdoing are multiple offenders; how much taxpayer money has been used to resolve claims against those individuals; and whether any continue to be employed by DEA." Dkt. # 26 at 26. *See HRDC v. ICE*, 2021 WL 1264003, at *3 (district court determined that the public had a "significant" interest in knowing the identities of ICE officials involved in "any allegedly wrongful act of detention" for the same reasons as those here).

Dkt. # 33 at 19.

ORDER - 10

The Court was also persuaded by the discussion in *Prison Legal News v. Samuels*, 787 F.3d at 1151:

> Identifying employees who repeatedly engage in tortious or discriminatory conduct will "shed[] light on an agency's performance of its statutory duties." [*U.S. Dep't of Just. v. Reps. Comm. for Freedom of Press*, 489 U.S. 749, 773 (1989)]. This, in turn, will further the public interest in ensuring that "disciplinary measures imposed are adequate, and that those who are accountable are dealt with in an appropriate manner." *Stern v. FBI*, 737 F.2d 84, 92 (D.C. Cir. 1984). It may also help root out the misuse of public funds, an interest typically favoring disclosure.

*See* Dkt. # 33 at 18–19 (alteration in original).

The DEA disagrees with the Court's reliance on *Samuels*, asserting that this case addressed repeated tortious conduct but that "none of the DEA employees" here "is an established repeat offender." Dkt. # 67 at 8 (citing Dkt. # 68 at 4 ¶ 10). Citing the Delo Declaration, the DEA states that only three of the 55 alleged tortfeasors were named in more than one claim. *Id.* (citing Dkt. # 68 at 5–6 ¶¶ 15–17). For these reasons, the DEA contends that "public interest in disclosure of the DEA employees' names is much less than the 'significant interests favoring disclosure' that the Court derived from *Samuels*." *Id.*

HRDC responds that the Court already rejected this argument in its first summary judgment order. Dkt. # 69 at 7, 11. HRDC contends that "privacy interests are generally diminished when they have been 'investigated for misfeasance relating to the performance of official duties.'" *Id.* at 11 (quoting *HRDC v. ICE*, 2021 WL 1264003, at *3; citing *Samuels*, 787 F.3d at 1150).

References to *Samuels* appear twice in the Court's first summary judgment order. First, when considering the tortfeasors' privacy interests, the Court cited *Samuels* for the proposition that an agency may not categorically withhold employee names that are accused of wrongdoing. Dkt. # 33 at 18. Then, in its discussion on the public interest in disclosure, the Court cited *Samuels* again, determining that there was a public interest in disclosure so the public may see

ORDER - 11

that an agency's disciplinary measures are adequate and that any alleged tortfeasors are dealt with in an appropriate manner by the agency. *Id.* at 19. The Court also noted that the *Samuels* court identified a public interest in rooting out misuse of public funds, favoring disclosure. *Id.*

Assuming without deciding that all the alleged tortfeasors here were one-time offenders, as compared to the repeat offenders in *Samuels*, this distinction is not material to the propositions that the Court drew from *Samuels*: that an agency may not categorically withhold names of its tortfeasor employees; identifying employees that engage in tortious conduct will shed light on the agency's performance of statutory duties; and this is directly linked to the public's interest in ensuring that those who engage in tortious activities will be held accountable. Whether the alleged tortfeasors here are one-time or repeat offenders, as in *Samuels*, is not a pivotal factual distinction that might discredit the notion that there is a public interest in an agency's disciplinary measures or in the way an agency behaves when using public funds. The Court does not deem the fact distinction raised by the DEA to be a manifest injustice to justify relief under Rule 60(b)(6). *See Herron*, 634 F.3d at 1111.

The DEA next addresses the Court's "three-fold public interest in disclosure" presented in its first summary judgment motion: (1) to determine whether the DEA employees accused of wrongdoings are multiple offenders; (2) to know how much taxpayer money has been used to resolve claims against these employees; and (3) to discover whether any remain employed by the DEA. *See* Dkt. # 67 at 9; Dkt. # 33 at 18. The DEA contends that the Delo Declaration addresses all three of these public interest concerns.

First, the DEA says that "none of the DEA employees accused of wrongdoing is a 'multiple offender.'" Dkt. # 67 at 10 (citing Dkt. # 68 at 4 ¶ 10). Second, the DEA says that is has already disclosed how much taxpayer money it paid to resolve the claims at issue. *Id.*; Dkt. # 68 at 8–9 ¶ 24. Third, the DEA says that "disclosing the names of the three DEA employees

ORDER - 12

who were named as alleged tortfeasors for multiple claims would not inform HRDC (or the public) whether those persons still worked for the DEA" because none of them are currently employed by the DEA.  Dkt. # 67 at 11 (citing Dkt. # 68 at 6 ¶ 18).  For these reasons, the DEA asserts that the "disclosure of the alleged tortfeasor employees' names would not advance any aspect of the public interest identified by the Court in this case."  *Id.*

HRDC responds that "contrary to [the] DEA's argument," the three aspects of public interest that the DEA identifies in its motion are "*among* the public interests served by disclosure here" but "hardly the *only* public interests."  Dkt. # 69 at 15 (emphasis in original).  Instead, HRDC says that for "FOIA to serve its purpose of informing citizens 'what their government is up to,'[] details matter—including the identity of the employees at issue."  *Id.* (quoting *Reps. Comm. for Freedom of the Press*, 489 U.S. at 773).  HRDC contends that the "interest in the identity of individual employees accused of wrongdoing does *not* depend on whether the employee is a repeat offender or is ultimately found culpable.  *Id.* (emphasis in original) (citing *Am. Immigr. Council v. U.S. Customs & Border Patrol*, 590 F. Supp. 3d 306 (D.D.C. 2022), *reconsideration denied,* No. CV 19-2965 (RC), 2023 WL 2755412 (D.D.C. Apr. 3, 2023) (finding that disclosure of officers' names was "necessary for the public to understand the government's operations" and "aid public understanding of whether the agency acted improperly and the extent of any harm caused.")).

The Court agrees with HRDC.  The public interest in disclosure under FOIA is broader than the three interests discussed in the Court's first summary judgment order.  *Cf. Kowack v. U.S. Forest Serv.*, 766 F.3d 1130, 1133 (9th Cir. 2014) ("The only public interest we consider is 'the extent to which disclosure of the information sought would "she[d] light on an agency's performance of its statutory duties" or otherwise let citizens know "what their government is up to."'") (citations omitted).  The Court reiterates that no matter the factual scenario—whether the

ORDER - 13

tortfeasors identified in the 156 files at issue were alleged or substantiated offenders, repeat offenders, or were identified in settlement agreements that expressly disclaimed admission of fault—the public interest analysis focuses on "the extent to which disclosure of the information sought would 'she[d] light on an agency's performance of its statutory duties' or otherwise let citizens know 'what their government is up to.'" *U.S. Dep't of Def. v. Fed. Lab. Rels. Auth.*, 510 U.S. 487, 497 (1994). Disclosure of the files related to the DEA tortfeasors would do just that.

The DEA also asserts that the Court "incorrectly distinguished *Hunt*" because, "as in *Hunt*," there is "little or no public interest served by the [requested] disclosure." Dkt. # 67 at 11 (citing Dkt. # 33 at 18 (quoting *Hunt*, 972 F.2d at 290)). The DEA thus concludes that "it would be a 'clearly unwarranted invasion of personal privacy' to disclose these DEA employees' names with no (or negligible, at best), benefit to the public interest." *Id.* (citing 5 U.S.C. § 552(b)(6)). As discussed above, the Court disagrees that there is little or no public interest in disclosure here. Therefore, disclosure of these names would not be a clearly unwarranted invasion of personal privacy.

## V
### CONCLUSION

For these reasons, the Court DENIES the motion.

Dated this 9th day of August, 2024.

John H. Chun
United States District Judge

ORDER - 14